UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| JASON DEAN HUBBELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| INDIANA DEPARTMENT OF CORRECTION, DUSHAN ZATECKY, LISA ASH, LAWRENCE R. FOWLER, CAMAY FRANCUM, | ) | No. 1:17-cv-00756-SEB-DML |
| Defendants. | ) | |

**Entry Dismissing Action
And Directing Entry of Final Judgment**

Jason Dean Hubbell is incarcerated by the State of Indiana in the Pendleton Correctional Facility. He has been engaged in a lengthy state court appeals process challenging his convictions. Until recently he was represented by counsel in those efforts, but went *pro se* in 2014. He has been researching his state appeals in the prison law library. The library has a subscription to Lexis, an online legal research service, but the prison's subscription is limited, Hubbell states. Lexis will provide a statute's current version and one previous, but nothing prior to that for inmates. There are no books providing coverage of prior statutory versions. When Hubbell went to his state court post-conviction hearing, he says he argued the wrong version of a statute because of the failings of the law library. He complains that he lost credibility with the state court judge, which caused him to lose his state post-conviction case.

On March 10, 2017, Hubbell sued the Indiana Department of Correction (IDOC), officials responsible for the prison law library or implementing IDOC policies, and a prison grievance

specialist who blocked Hubbell's grievances about the library. Hubbell invoked 42 U.S.C. § 1983 to assert claims, which the Court construed as an access to the courts matter. *See In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (*citing Bounds v. Smith*, 430 U.S. 817 (1977)). Hubbell's complaint did not assert a cognizable injury, *e.g.*, interference with legal materials that caused actual prejudice. *See Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013).

On March 17, 2017, the Court screened Hubbell's complaint pursuant to 28 U.S.C. § 1915A(b), and found that it failed to state a claim upon which relief can be granted. *See* dkt. 4, ¶ 6. The complaint was dismissed. *Id.* The Court allowed Hubbell an opportunity to show cause why the action should not be dismissed, and on April 4, 2017, Hubbell responded to the show cause order. Dkt. 6.

At noted above, Hubbell's asserted injury is that he lost his credibility with the state post-conviction court and as a result lost his post-conviction case. *See* dkt. 6, ¶ 8. He points the Court to the state post-conviction court's twenty-five page order denying his petition for post-conviction relief. *See* dkt. 6, ex. B. This Court will consider the state court order as part of Hubbell's complaint. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) ("[W]hen a plaintiff attaches to the complaint a document that qualifies as a written instrument, and [his] complaint references and relies upon that document in asserting [his] claim, the contents of that document become part of the complaint and may be considered as such . . . ."). Hubbell asserts that in paragraph I of the order, the state court judge takes issue with Hubbell's erroneous argument and rules against him. Dkt. 6, ¶ 8. The order does not contain any reference to Hubbell's credibility.

"A plaintiff can plead himself out of court by pleading facts that show that he has no legal claim." *Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016). Although Hubbell has plead injury or prejudice, he has plead himself out of Court because this Court's interpretation of the

state court's order is very different. The state court had multiple fact and legal issues before it and sorted through them methodically. When it arrived at Hubbell's argument concerning the murder statute, it wrote that "Hubbell was not convicted of Felony Murder. He was convicted of a knowing or intentional Murder. His argument is misplaced." The state court judge was not making a credibility determination. The judge was making a legal determination based on the law as it existed. Dkt. 6, ex. B, ¶ I. This is not an injury or prejudice resulting from a denial of access to the courts.

While Hubbell may have been embarrassed and confused about the correct version of the statute to use during his post-conviction hearing, he has not suffered an injury that equates to a denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 355-56 (1996); *Devbrow,* 735 F.3d at 587-88. He had access to the state courts to present his post-conviction claims, was represented by counsel for a considerable time during the pendency of the post-conviction process, and while acting *pro se* had a hearing at which the state court judge heard his arguments and later generated a comprehensive twenty-five page order on the issues.

For these reasons and for the reasons explained in the Court's screening Entry of March 17, 2017, **this action is dismissed** with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 8/22/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jason Dean Hubbell
985967
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064